United States v. Cassidy

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand fourteen.

PRESENT: DENNIS JACOBS,
   ROBERT D. SACK,
   GERARD E. LYNCH,
       <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
  <u>Appellee</u>,

  -v.-         13-2185

KEVIN CASSIDY,
  <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:     DOUGLAS R. JENSEN (Eyal Dror, <u>on the brief</u>), Park & Jensen, LLP, New York, N.Y.

FOR APPELLEES:     EUN YOUNG CHOI (Justin S. Weddle, <u>on the brief</u>), <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Kevin Cassidy appeals from a judgment of the United States District Court for the Southern District of New York (Griesa, <u>J.</u>) convicting him of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. Cassidy challenges the portion of the judgment that orders him to pay restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A, 3664. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"[W]e review an MVRA order of restitution deferentially, and we will reverse only for abuse of discretion." <u>United States v. Gushlak</u>, 728 F.3d 184, 190 (2d Cir. 2013) (quoting <u>United States v. Boccagna</u>, 450 F.3d 107, 113 (2d Cir. 2006)). "A district court abuses its discretion when a challenged ruling rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." <u>Id.</u> (quotation marks omitted).

Cassidy argues that the complexity of factual issues involved in calculating the losses to the Bank of Montreal

2

renders the restitution order improper. While the MVRA imposes mandatory restitution with the purpose of making victims of crime whole, it does have limitations. See United States v. Maynard, 743 F.3d 374, 377-78 (2d Cir. 2014). If the record shows that "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process," then the MVRA "shall not apply." 18 U.S.C. § 3663A(c)(3).

Once it is found that complex issues do not lend themselves to resolution in the sentencing context, the sentencing court may not proceed. But it lies within the sound discretion of the district court to decide whether the factual issues underlying a restitution order are so complex as to unduly burden the sentencing process. See United States v. Zangari, 677 F.3d 86, 93 (2d Cir. 2012). Because the Bank of Montreal sought two narrowly defined forms of compensation as restitution, the district court determined that it had before it all of the information necessary for a decision on restitution. The restitution hearings conducted soon after the court's initial sentencing decision did not greatly prolong the sentencing process. Cassidy argues otherwise, and an exercise of discretion otherwise might

3

well have been sound.  But we cannot conclude that the district court abused its discretion in deciding that the factual issues could be resolved within the sentencing process.

Cassidy presents other arguments regarding the need for an evidentiary hearing, the district court's application of the standard of proof, and the calculation of the Bank of Montreal's losses.  We conclude that the restitution order was proper for substantially the reasons set forth in the district court's statements on the record at its October 16, 2012 restitution hearing.

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4